## BOSCHER *a.* ROULLIER.

*Supreme Court, First District ; Special Term, May,* 1857.

ATTACHMENT.—SEPARATE PROPERTY OF MARRIED WOMEN.

Where an attachment against the property of the husband is levied on the separate estate of the wife, her remedy is by action for the trespass, not by motion to vacate the attachment.

Every allegation essential to the granting of an attachment may be disproved on a motion to set it aside.

Where the indebtedness is averred and denied by the affidavits, as a conclusion of law, that point may be left to be determined at the trial.

Motion to vacate attachment.

MITCHELL, J.—An attachment was issued against the defendant as a non-resident, and property was levied on, which the wife claims is her separate property ; she also alleges that the debt due was contracted by and for her, and not by her husband. Both of these allegations are denied. If the property is the separate property of the wife, so that it cannot be taken for her husband's debts, still the sheriff may at his peril levy on it, and the wife must be left to her action against him and his co-trespassers.

Every allegation essential to the granting of an attachment may be denied and disproved on a motion to set it aside. The indebtedness or the non-residence may be disproved with equal

propriety. But as the indebtedness will be put at issue on the trial, in some cases it may be proper to leave that point to be determined there, where there is reason to believe that the plaintiff has a good cause of action, although there may be doubts about it. The wife and Mr. Masserrs swear that in September, 1854, three notes of Masserrs', endorsed by Roullier, were taken by Boscher in payment of the bills for which this action is brought. The plaintiff and his present partner swear that they were not received in payment. Each states a conclusion of law, and it may be that they would, if examined, orally testify to the same facts. Those notes were not paid when due, and new notes were substituted, on which Masserrs was the maker and Madame Roullier (her husband being absent) the endorser. The wife can only be bound when she has a separate estate, and the credit is given to and for the estate, and then it is the estate which is bound, and not herself personally. It is not sufficiently clear that she has any such estate to justify the discharge of the attachment. The motion for that purpose is denied without costs.