EDWARD S. INNES, Respondent, *v.* MARGARET PURCELL, impleaded, etc., Appellant.

A judgment founded upon an order taken by default is not appealable.

In a foreclosure action a motion that defendant's answer be made more definite and certain was opposed by him, but was granted; the order directing the answer to be stricken out in case it should not be amended. In lieu of such direction, by stipulation of the parties, a clause was inserted "that plaintiff have leave to move for judgment for want of such answer." The answer not having been amended, plaintiff moved upon notice that the answer be stricken out and for judgment. This motion was granted by default and judgment was perfected as upon a failure to answer. *Held*, that the judgment was not appealable.

(Argued September 22, 1874; decided September 29, 1874.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, dismissing an appeal by defendant Purcell from the judgment herein. (Reported below, 1 Hun, 318; 2 N. Y. S. C. R. [T. & C.], 538.)

This action was brought to foreclose a mortgage executed by said defendant, who put in an answer. Plaintiff moved that the answer be made more definite and certain. This motion was opposed by said defendant. It was granted, and defendant required to serve an amended answer within ten days after service of copy of order on her attorney, in default whereof her answer to be stricken out. It was subsequently stipulated, by the attorneys for the respective parties, that the order be amended by changing the time to twenty days, and in place of the clause as to striking out answer in case of default, inserting that "plaintiff have leave to move for judgment for want of such answer." The answer not having been amended as required, plaintiff, upon notice and affidavit showing the proceedings, moved that the answer be stricken out, for the relief demanded in the complaint, for a reference to compute the amount due, and upon coming in of the report that plaintiff might enter the usual judgment without further notice. No one appearing to oppose, an order was granted striking out the answer and referring it to a referee to com-

pute amount due, etc., and upon coming in of the report, a judgment was perfected as in case of failure to answer.

*Wm. Henry Arnoux* for the appellant. Where a party appears and opposes the granting of an order, he waives no rights by failing to oppose an order or judgment which follows as a necessary legal consequence. (*Lahrens* v. *Fielder*, 15 Abb., 177; *Butler* v. *Niles*, 28 How., 181.) On appeal from a judgment the court may review any intermediate order. (Code, § 329; *Cowles* v. *Cowles*, 9 How., 361.) The order to strike out was appealable. (*Anita* v. *Morrisey*, 1 Abb. [N. S.], 439; *Fasnacht* v. *Stehn*, 53 Barb., 650; *Crucible Co.* v. *Steel Works*, 9 Abb. [N. S.], 195; *Wayland* v. *Tysen*, 45 N. Y., 281.) The court had no power to grant the order. (Code, § 152; *Wayland* v. *Tysen*, 46 N. Y., 283; *Osborn* v. *Brigsby*, 9 How., 57; *Mier* v. *Carttege*, 8 Barb., 75; *Collins* v. *Lane*, 7 Robt., 295.)

*M. A. Kursheedt* for respondent. The judgment having been entered by default is not appealable. (*Flake* v. *Van Wagenen*, 54 N. Y., 25; *McMahon* v. *Rauhn*, 47 id., 67, 72; *Maltby* v. *Greene*, 3 Abb., 144, 146; *Adams* v. *Oakes*, 20 J. R., 282; *Campbell* v. *Stokes*, 2 Wend., 137, 145; *Wood* v. *Young*, 5 id., 620, 637; *Kane* v. *Whitlock*, 8 id., 219, 226.) The order requiring the answer to be made more definite and certain, was not appealable. (*Geiz* v. *Loew*, 15 Abb. [N. S.], 94; *H. F. Ins. Co.* v. *Tomlinson*, 5 N. Y. S. C. [J. & S.], 221.) It being amended by consent, all right to claim it erroneous was waived. (*Proestler* v. *Kuhn*, 49 N. Y., 654.) If the entry of judgment was irregular, defendant's remedy was by motion to set aside. (*Cooke* v. *Bowles*, 42 Barb., 87; *Maltby* v. *Greene*, 3 Abb., 144; *Chamberlin* v. *Dempsey*, 36 N. Y., 144.)

ALLEN, J. *Flake* v. *Van Wagenen* (54 N. Y., 25) merely reaffirms a well settled principle, and is decisive of this appeal. There as here, in an action for a foreclosure of a

mortgage, the answer of the defendant was stricken out on motion unopposed, and judgment was perfected as upon default, for want of an answer, and on appeal to the General Term of the Supreme Court, the judgment was dismissed.

In this action the motion to make the answer more definite and certain was opposed; but that part of the order then made directing the answer to be stricken out in case the answer should not be amended was modified, by stipulation of the parties, and in lieu of such direction a clause inserted that the " plaintiff have leave to move for judgment for want of such answer." The defendant did not appeal from that order. The plaintiff made a motion upon notice, pursuant to the consent and stipulation of the defendant, based upon an affidavit stating the history of the procedings, that the answer be stricken out, and for general relief, and also for an order of reference to compute the amount due on the mortgage and for judgment. This motion was granted by default, and this order is at the foundation of, and alone authorizes the judgment appealed from. Judgment was perfected as upon a failure to answer, and it would be a departure from all precedent to permit an appeal from a judgment thus entered, and upon such appeal review the order and direction of the court for judgment made upon default. The order requiring the answer to be made more definite and certain did not necessarily affect the judgment or involve the merits of the action, and was not, therefore, reviewable under section 329 of the Code. It is enough, however, that the order disposing of the merits of the action, and for judgment, was granted by default; and the appeal was properly disposed of by the court below.

The remedy of the defendant is by application to the court below for relief, and if she has merits, that court will make such order as will be equitable. The order appealed from must be affirmed.

All concur.

Order affirmed.