ABRAM T. KERR AND OTHERS, RESPONDENTS, v. ANNA DIL-DINE, AS ADMINISTRATRIX OF ZACHARIAH DILDINE, DECEASED, APPELLANT, IMPLEADED WITH EDWARD P. KARR.

*Demurrer — a party who argues his demurrer and opposes the entry of final judgment is not in default — effect of his appeal from the final judgment — creditor's suit — unsatisfied execution.*

A demurrer to a complaint in an action was served by a defendant, Zachariah Dildine, which was overruled and judgment thereon was ordered for the plaintiffs, with leave to the party demurring to answer over on payment of costs. An interlocutory judgment was entered, which directed that the final judgment to be entered, in case Dildine did not answer, should be settled by the court. Dildine neither answered nor paid the costs, nor appealed from the

interlocutory judgment. Before entry of final judgment he died, and his administratrix was substituted as a defendant. A subsequent application was made for final judgment. It was opposed by the administratrix, but was granted, and from this judgment she appealed.

*Held,* that the defendant had not been in default at any time, having argued his demurrer and opposed the entry of final judgment.

That he was not required to answer, and had a right to reserve his appeal until final judgment was entered, which, as indicated by the notice of appeal, brought up for review the interlocutory judgment.

To support an action to reach equitable interests or assets, which are not the subject of levy and sale under execution, the remedy at law, by its ordinary process, must be first exhausted. This can be shown only by the return of an execution unsatisfied.

APPEAL by the defendant, Anna Dildine, administratrix of Zachariah Dildine, deceased, impleaded with Edward P. Karr, from a judgment, entered in the clerk's office of Erie county on the 24th day of June, 1890, in favor of the plaintiffs, with notice that said defendant intended to bring up for review upon such appeal an interlocutory judgment, dated the 30th day of December, 1886, and an order overruling the defendant's demurrer to the complaint, dated the 30th day of October, 1886.

*De M. Page,* for the appellant.

*W. F. Mackey,* for the respondents.

DWIGHT, P. J.:

The action was brought by the plaintiffs, as judgment-creditors of Edward P. Karr, against him and Zachariah Dildine, to set aside a chattel mortgage executed by Karr to Dildine, as fraudulent and void as against the plaintiffs' judgment and the execution thereon issued, and in aid of such execution. The defendant Karr, made no defense or appearance in the action. The defendant Zachariah Dildine demurred to the complaint on the ground, among others, that it did not state facts sufficient to constitute a cause of action. The issue of law thus joined was tried at Special Term and an order was made overruling the demurrer and directing judgment thereon in favor of the plaintiffs, but with leave to the defendant Zachariah Dildine to withdraw his demurrer and answer over in twenty days, on payment of costs; and an interlocutory judgment was entered accordingly, which directed that the

final judgment to be entered in case the defendant did not answer, should be settled by the court.

The defendant Zachariah Dildine did not appeal from the interlocutory judgment, nor pay the costs, nor serve an answer to the complaint, but before the entry of final judgment, he died and the defendant Anna Dildine, as administratrix of his estate, was substituted for him as defendant in the action.

Subsequently the plaintiffs moved at a Special Term held by the same judge who granted the interlocutory judgment, for a settlement of the final judgment to be entered in the action, which motion, as the judgment recites, was opposed by counsel for the defendant, and the final judgment as thereupon settled by the court, was entered by the plaintiffs. From that judgment this appeal was taken.

The objection that the appeal will not lie because the judgment was taken by default is not at all tenable. The defendant has not been in default at any stage of the action. He duly served and argued his demurrer and appeared to oppose the entry of final judgment. His defense has always been on the law, and he served no answer because he had no answer to make to the facts as alleged in the complaint. Those facts were all admitted by his demurrer, and they remain admitted for all the purposes of the action. His sole pleading was his demurrer, and upon that he insists. He was not required to appeal from the interlocutory judgment; he had a right to reserve his appeal until the final judgment was entered (Code of Civil Pro., § 1316); and there were manifest advantages in doing so. The final judgment was not taken by default; on the contrary, the defendant appeared and opposed the application therefor. In the cases principally relied upon by the respondent there was not only failure to answer but failure to oppose the application for judgment, so that in those cases judgment was, in fact, taken by default. (*Flake* v. *Van Wagenen*, 54 N. Y., 25; *Innes* v. *Purcell*, 58 id., 388; *Greenleaf* v. *Brooklyn, etc., R. R. Co.*, 37 Hun, 436.)

But the practice adopted by the defendant is sustained by affirmative authority. (*De Silver* v. *Holden*, 6 Civ. Pro. Rep., 121; *Dick* v. *Livingston*, 41 Hun, 455; *Sheridan* v. *Sheridan Electric Light Co.*, 38 id., 396; *Patterson* v. *McCunn*, id., 531; *Smith* v. *Rathbun*, 88 N. Y., 660; *Raynor* v. *Raynor*, 94 id., 248.)

There can be no question but that the appeal was well taken in this case, nor that it brings up for review the interlocutory judgment which overruled the defendant's demurrer, and held the facts stated in the complaint sufficient to establish a cause of action in favor of the plaintiffs against the defendant Zachariah Dildine.

That question we regard as already decided in this court, adversely to the plaintiffs' contention, by the decision rendered in the same action, on an appeal by the defendant from an order denying his motion to vacate a preliminary injunction granted therein. The decision is reported in 6 New York State Reporter, at page 163. In that case the opinion of the court, by BRADLEY, J., considers the question in two aspects: (1.) Whether the allegations of the complaint show the chattel mortgage in question to have been void as to creditors from its inception, and, therefore, the legal title to the property as to creditors remained in the judgment-debtor; and (2.) Whether they show an interest in the property remaining in the mortgagor which could be reached by his creditors in equity.

Both of these questions were answered by the court in the negative. In respect to the first question, it was held that, so far as appeared by the complaint, "the mortgage was valid in its inception as against creditors," and could not be set aside as fraudulent. It was also held with equal distinctness that a cause of action was not made out in the other aspect of the case for the want of an allegation that an execution had been returned unsatisfied. The language of the opinion on that subject is as follows: "The facts as alleged by the plaintiffs seem to go in support of an equitable remedy and relief. But to support an action to reach equitable interests or assets, which are not the subject of levy and sale by execution, the remedy at law by its ordinary process must be first exhausted. This can be evidenced only by the return of execution unsatisfied, which for the purpose of such equitable remedy is a condition precedent;" citing *Estes* v. *Wilcox* (67 N. Y., 264) and *Adee* v. *Bigler* (81 id., 349). These conclusions seem to cover the whole case, and they must determine the law of the case, so far as this court is concerned, upon the main question raised by this appeal.

The final and interlocutory judgments appealed from must be reversed, with costs, the demurrer allowed and judgment ordered

for the defendant thereon, but with leave to the plaintiffs to serve an amended complaint within twenty days, upon payment of the costs of the demurrer and of this appeal.

MACOMBER, J., concurred.

Final and interlocutory judgment appealed from reversed, with costs; the demurrer allowed and judgment ordered for the defendant thereon with costs, but with leave to the plaintiff to serve an amended complaint within twenty days on payment of the costs of the demurrer and of this appeal.