ANNIE I. DAWSON, as Trustee, etc., Respondent, *v.* JOHN D. PARSONS, Appellant, and Others.

*Order entered by consent — appeal therefrom — dissolution of a co-partnership — order that the partners join in a conveyance of the assets — form of deed — specification of objections thereto.*

An appeal does not lie from an order entered by consent.

An order directing the members of a co-partnership to unite with the receiver thereof in the conveyance of its property can be made by consent as well before as after judgment in the action brought to obtain the dissolution of such partnership

A partner was, by an order of the court, directed to sign a conveyance of his interest in certain partnership property. and there was tendered to him for execution a deed thereof which contained a covenant against his own acts; this or any conveyance he refused to sign, but made no objection to the covenant against his own acts contained therein.

*Held,* that having consented to the making of the order he was obliged to obey it;

That if he wished to object to the personal covenant contained in the deed, it was his duty to make that objection when the instrument was tendered to him;

That if he wished more time to examine the papers he should have so stated.

APPEAL by the defendant, John D. Parsons, from so much of an order of the Supreme Court, made at the Albany Special Term on the 13th day of June, 1893, and entered in the office of the clerk of the county of Albany, as directs that the plaintiff and the defendants unite with the receiver in a conveyance of certain premises upon the completion of the purchase thereof by the purchaser, and also from an order made at the Albany Special Term, and entered in said clerk's office on the 12th day of July, 1893, directing the defendant, John D. Parsons, to execute a conveyance of certain premises.

*Charles J. Buchanan* and *Matthew Hale,* for the appellant.

*J. Newton Fiero* and *Edward J. Meegan,* for the respondent.

PUTNAM, J.:

This appeal is taken from a clause of the order made June thirteenth in this action, and from the whole of the order of July 11, 1893.

On the granting of the first order the appellant appeared by counsel, and the order recites that no one objected thereto. We

had supposed that it was well settled that an appeal does not lie from an order so entered by consent. (*Flake* v. *Van Wagenen*, 54 N. Y. 25; *Innes* v. *Purcell*, 58 id. 388; *Atkinson* v. *Manks*, 1 ·Cow. 693.)

By consent of the defendant Parsons an order of the Supreme Court has been entered, providing " that the plaintiff and defendants in this action, and each of them, unite with the receiver in a conveyance ·of said premises upon the completion of the purchase by the pur- ·chaser." This order remains in full force. If the appellant, at .Special Term, had made the proper objections to the order, or to the provision therein above quoted, which is appealed from, we might ·consider whether such a provision could have been properly made before the rendition of final judgment. In that case it may be doubted whether, until the rights of the parties were determined by the judgment, the defendant should be compelled to execute a con- veyance of his interest in the real estate in question. But no such point was taken at Special Term. The appellant consented to the order in advance of the judgment. So consenting, as to him the order should be deemed to have the same force and effect as if ·entered after judgment. It cannot be doubted that by consent such an order can be made as well before as after judgment and with the same force and effect.

It seems to follow that, as an order of the Supreme Court, which appellant thus consented to, and, hence, cannot appeal from, was duly made, and is in full force, directing a conveyance by appellant, he was bound, on a proper demand being made and a proper conveyance ·tendered, to execute the same. And the failure to do so was a ·contempt.

It is not clear that defendant should be compelled to execute a conveyance *with a covenant* contained therein against his own .acts or otherwise. But on examining the affidavit of appellant it does not appear that he made any objection to signing the deed tendered him on the ground of the covenant therein. He objected to joining *in any conveyance,* stating that he " is unwilling, by join- ing in any conveyance of the said property, to sanction in any way, or to confirm the mode by which his interest in the said property has been taken out of his hands, and deponent also respectfully .questions the power of the court, by order in this action, to compel

deponent to execute a conveyance of his property, where he has made no contract of sale and has expressed his disapproval of the proceedings by which it is proposed to consummate the sale."

It would, therefore, appear that the objection to the deed tendered, as containing a personal covenant, was not made as a ground of refusing to sign the same. If appellant wished to object to the personal covenant contained in the deed it was his duty to make the objection when the instrument was tendered to him. If he wished more time to examine the papers he should have then so stated. It would appear from the papers before us that he merely declined to sign any deed.

Our conclusion is that the order to which appellant consented has the same force as if made after final judgment, and defendant is bound to obey it, and, inasmuch as he does not appear to have objected to the covenant contained therein when the deed was presented to him for signature, but objected to signing any deed, that the order of July eleventh, which was in fact made for the purpose of enforcing the order of June thirteenth, was properly granted.

The order does not, however, compel the defendant to sign the deed tendered to him for execution. It directs him to execute that deed, or a proper conveyance of his interest in the premises therein described, to Amasa J. Parker, as receiver. A proper conveyance is one called for by the order of June thirteenth, and probably may be without covenants.

The orders should be affirmed, with costs and disbursements.

MAYHAM, P. J., concurred; HERRICK, J., not acting.

Orders affirmed, with ten dollars costs, printing and other disbursements.