BOLLES v. CANTOR et al.

(Supreme Court, Appellate Division, First Department. June 5, 1896.)

1. APPEALABLE ORDER.
    An order entered by consent is not appealable.
2. PARTIES—SUBSTITUTION—SETTING ASIDE ORDER.
    Where an order to show cause why applicant should not be impleaded in an action against a receiver was entered by consent of all the parties, a subsequent order procured by the receiver on notice for resettlement of the first order, and without consent of the other parties, substituting applicant as defendant, and requiring him to pay costs to the receiver, should be set aside on motion, where applicant did not apply for such relief, and there was nothing to show that the receiver was entitled thereto.

Appeal from special term, New York county.

Action by Charles I. Bolles against Jacob A. Cantor, receiver. From an order denying a motion to set aside an order substituting Richard D. Schell as defendant, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

George A. Baker, for appellant.
P. S. Menken, for respondent Schell.
Eugene Van Schaick, for respondent receiver.

VAN BRUNT, P. J.. This action was begun on or about January 20, 1896, by the service of a summons and complaint upon the

defendant Cantor, as receiver of the Piqua Club Association, to compel such receiver to transfer upon the books of the company certain shares of stock upon the surrender of the certificate of stock held by the plaintiff. One Richard D. Schell, claiming to be the owner of such certificate, obtained an order directing the parties to show cause why he should not be impleaded as a party defendant. Upon the return day of the order to show cause, the attorneys for the plaintiff and the receiver consented that the motion be granted; and two days' notice of the settlement of the order was given. On the 10th of February, 1896, the attorneys for Schell served a proposed order, returnable on the 13th of February, on which day an order was entered impleading said Schell as a party defendant. Thereafter, on the 14th of February, 1896, the attorney for the receiver served upon the plaintiff a notice of resettlement of such order, returnable on the 17th of February, but did not serve any copy of the proposed order. On the 17th of February, at the opening of the court, the counsel for the plaintiff was shown a copy of the order proposed by the receiver, and submitted in opposition thereto the complaint herein and a memorandum. Thereafter, and on the 18th of February, an order was entered reciting that all the parties appeared in favor of the order, which (instead of granting the relief prayed for by the order to show cause obtained by Schell, and which was consented to by the parties) substituted Schell as defendant in place of the receiver, and directed Schell to pay $10 costs of motion to the receiver. The attorney for the plaintiff, upon the entry of that order, made a motion, upon the theory that the order was entered through inadvertence, setting forth these facts, and asking that it be set aside. This motion was denied, and from the order thereupon entered on the 17th of March, 1896, this appeal is taken.

It is urged upon the part of the respondents that the appeal should have been from the order entered on the 18th of February, and not from the order denying the motion to vacate that order. It is difficult to see how an appeal from the order of the 18th of February would lie when it appears upon its face that everybody was in favor of the motion; in other words, that the order was entered by consent. It is a rule of law too well settled to need the citation of authority that an order entered by consent is not appealable. In the case at bar the recital in the order is that everybody appeared in favor of the motion, and it does not appear that anybody opposed. This is in harmony with the claim made by the plaintiff that he had consented to the order entered on the 13th of February, and that it was correct in respect to that order, but was not correct in respect to the order of February 18th; that the parties did not consent to that order, and they had a right to have it set aside and vacated, so that they might be heard as to whether the court should grant relief, which, so far as this record shows, had not been asked for by any one; that the moving party did not ask for it, and there is nothing to show that the defendant receiver was entitled to it.

We think, therefore, that the order appealed from should be

reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

RUMSEY, O'BRIEN and INGRAHAM, JJ., concur.

BARRETT, J. I concur. Under the pretense of resettling an order to which he had consented in its original form, and which had been settled upon notice and consent, the receiver really obtained new and outside relief, which could only have been obtained, if at all (which is doubtful), by an independent motion upon his behalf. The granting of this new and independent relief to the receiver without any direct application upon his part was judicial action, for which the parties aggrieved had a remedy by motion to vacate so much of the order as, departing from their consent, granted to one who was not a moving party relief for which he had not applied, and which they had not agreed to give him.