### BACON et al. v. ABBEY PRESS.

(Supreme Court, Appellate Term. March 11, 1904.)

1. PARTIES—ATTACHMENT—VACATION.

An attachment issued in an action against a foreign corporation should not have been vacated on motion of a domestic corporation of the same name, but not a party to the action, on the ground that property of the latter corporation had been taken under the attachment.

2. DISMISSAL—LACK OF JURISDICTION.

Where no jurisdiction of the defendant is obtained, judgment of dismissal is proper.

3. SAME—APPEAL.

A judgment of dismissal rendered at the request or by the consent of plaintiff is not appealable.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Francis M. Bacon and others against the Abbey Press. From a judgment dismissing the complaint, plaintiffs appeal. Appeal dismissed.

Argued before FREEDMAN, P. J., and GIEGERICH and McCALL, JJ.

Charles Firestone (Joseph Wilkenfeld, of counsel), for appellants.
Steuer & Hoffman, for respondent.

McCALL, J. Upon an affidavit and a complaint verified April 9, 1903, made by one of the plaintiffs herein, setting forth that the defendant above named was a foreign corporation organized under the laws of the state of New Jersey, that the plaintiffs had sold and delivered goods to the defendant at prices agreed upon to the amount of $420.71, that the term of credit had expired, that no part of the same had been paid, and that said defendant was justly indebted in said sum over and above all counterclaims, etc., the plaintiffs applied for a summons and warrant of attachment against the property

¶ 2. See Dismissal and Nonsuit, vol. 17, Cent. Dig. § 115.

of said defendant. The application was accompanied by the undertaking usually given in such cases, and on April 11, 1903, a summons and warrant of attachment was issued returnable April 29, 1903. The return of the marshal upon such summons states as follows:

"I certify that on the 13th day of April, 1903, * * * in the City of New York I served the within summons and complaint, warrant of attachment, upon the within named defendant by delivering to Charles A. Hall, Vice President of the New York Fire Insurance Company at 72 Wall Street, New York, Eldridge G. Snow, Vice President of the Home Insurance Company of New York at 119 Broadway, New York; Harold Herrick, President of the ———— Fire Insurance Company at 4 Cedar Street, New York; C. H. Waite, General Agent for the Sun Fire Insurance Company, 54 Pine Street, New York. That I mailed a copy of the warrant, undertaking, affidavit, summons and complaint, postage prepaid to the defendant, the foreign corporation, at their last known place of business at No. 114 Third Avenue, Borough of Manhattan, as service upon defendants, neither of the officers being found by me within the City of New York. I further certify that at the same time and place and in the same manner, I served upon the said defendant the warrant of attachment in this action, together with an inventory of the property levied upon and taken by me by virtue of said warrant of attachment. [Signed.] "Dated April 13th, 1903."

Upon the 16th day of April, 1903, an order was granted returnable April 17, 1903, requiring the plaintiffs to show cause why such warrant of attachment should not be vacated. This order was based upon an affidavit verified April 15, 1903, made by one Carlos Martyn, to the effect that he was the president of the Abbey Press; that the Abbey Press was a domestic corporation, organized under the laws of this state; that it was organized August 21, 1903, and on that day it purchased all the New York rights and assets of the Abbey Press, a corporation then existing and organized under the laws of the state of New Jersey; that the corporation so organized under the laws of this state was the only corporation transacting business in New York since that date, and that the domestic corporation purchased the goods mentioned in the complaint of the plaintiffs. Accompanying this affidavit were copies of the articles of incorporation of the Abbey Press under the laws of this state. Upon this showing, on April 20, 1903, the attachment was vacated, and the marshal was directed to turn over the property levied upon to the New York corporation. Subsequently plaintiffs made a motion for a reargument of the motion to vacate the attachment, and upon the return day of that motion they produced and read in evidence certified copies of the incorporation on May 7, 1902, under the laws of the state of New Jersey, of a corporation called the Abbey Press, and being the corporation to which the plaintiffs claim to have made the sales of the goods sued for. Upon this motion the New York corporation offered no new testimony, merely relying upon their former affidavit used upon the motion made by them to vacate the attachment. This last motion was also denied. The record does not disclose that the Abbey Press of New York made any further appearance in the action, and its attorneys concede in their brief that they did not, nor did the Abbey Press of New Jersey, ever appear in the action in any way. It appears, however, that the action was adjourned from time to time until May 26, 1903, when judgment was rendered in "favor of the said defendant against the

said plaintiff by vacating the attachment and action dismissed." As before stated, the attachment had already been vacated by the order of April 20th. The indorsement upon the summons is as follows: "Action dismissed. No personal service. Attachment having been vacated May 26, 1903." From the judgment as well as the orders above referred to this appeal is taken.

An examination of the record discloses these facts: That the summons and warrant of attachment were issued against the Abbey Press, a foreign corporation, then existing and organized under the laws of New Jersey. The Abbey Press of New York, a corporation of the same name, but a domestic corporation, assuming that it should have been made defendant, without asking leave to intervene, or seeking by motion to be substituted as such defendant, and claiming that the marshal had, by virtue of a warrant of attachment issued in the action against the New Jersey corporation of like name, seized property belonging to it, against the objections of the plaintiffs, and upon motion made in an action to which it had not been made a party or ever served with process, obtained the vacation of the attachment. This was clearly error. The New York corporation had no standing in court. It had not been sued, was not named as a party, and if, as claimed by it, its property had been taken under a warrant of attachment issued against the property of another defendant, it had a proper and adequate remedy by an action in replevin, or for conversion, or trespass to personal property. Boscher v. Roullier, 4 Abb. Prac. 396. The proof is undisputed that there was existing a foreign corporation called the Abbey Press of New Jersey, to whom the plaintiffs alleged they had sold goods, and against whom alone they had brought the action. As shown by its articles of incorporation, its stock was owned by Alfred G. Brown, Henry H. Kingsbury, and Frank E. Searles. The incorporators and owners of the New York corporation were Carlos Martyn, Charles F. Rideal, and Edward T. Magoffin. The agreement offered in evidence accompanying the affidavit of the president of the New York corporation, upon which the attachment was vacated, recites that such agreement is made "between the Abbey Press, a corporation organized under the laws of the state of New Jersey, and the Abbey Press, a corporation organized under the laws of the state of New York," thus showing the existence of the two distinct and separate corporations; and, even if there had been no such corporation as the Abbey Press of New Jersey, in the absence of service of process upon it, the Abbey Press of New York had no standing to move for a vacation of the attachment herein. The complaint of the plaintiffs and the process of the court was directed to the New Jersey corporation, and no other party was named therein. If the plaintiffs had no cause of action against that corporation, and did have a cause of action against the New York corporation, that was no concern of, and no reason for the interference on the part of, the New York corporation by motion to vacate the attachment in such action. It is evident from the record that the marshal never made any legal service of the summons in this action, and that the court below never acquired jurisdiction over any defendant. The proceedings were apparently an abortive and unsuccessful attempt to

obtain jurisdiction over a foreign corporation. The judgment of dismissal was therefore proper, and the court could render a judgment against no other party but the plaintiffs.

Although the record does not show, nevertheless it is apparent that the judgment of dismissal was obtained expressly or tacitly by the plaintiffs. The attorneys who appear upon this appeal for "the respondent" state in their brief that the plaintiffs, "solely for the purpose of having the attachment reviewed by the court, had a judgment entered dismissing the complaint," and this is not disputed.

The judgment of dismissal having been properly entered, and so entered upon the request of or by consent of the plaintiffs, such judgment is not appealable (Dawson v. Parsons, 74 Hun, 221, 26 N. Y. Supp. 327), and their appeal therefrom should be dismissed, but without costs, as there is no defendant entitled thereto. All concur.