## FLEWELLIN v. LENT.

(Supreme Court, Appellate Division, Second Department. November 18, 1904.)

1. Costs—Determination—Discretion of Trial Court—Review.

Code Civ. Proc. § 3066, provides that on appeal from a justice, if the judgment is reversed for an error in fact not affecting the merits, or if a new trial is directed, the costs of the appeal are in the discretion of the appellate court. *Held*, that such discretion will not be reviewed where there was no abuse.

2. Same—Appeal from Justice—Judgment—Modification—Consent of Parties—Appeal.

Where the county court reversed the final order of a justice and awarded costs to the appellant, and thereafter, all parties consenting, it was ordered that the cause be tried de novo before another justice, the appellee could not appeal from the judgment, the reversal having been modified to his advantage and on his consent.

Appeal from Special Term, Westchester County.

Action by Fanny L. Flewellin against Smith Lent. From a judgment of the county court reversing a judgment of a justice in favor of defendant and from an order directing a new trial, defendant appeals. Affirmed.

For former opinion, see 86 N. Y. Supp. 919.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Smith Lent, in pro. per.

Pierre Reynolds, for respondent.

JENKS, J. The landlord appealed to the County Court from a final order (entered upon the verdict) of the justice of the peace before whom and a jury the proceeding was heard awarding the tenant the possession of the premises, with costs. The County Court reversed the final order, with costs. Thereafter a motion was made to modify the order of the County Court, and the court did so by adding this provision after the direction therein for a reversal:

"And all parties consenting thereto, it is further ordered that the proceeding be tried before Stuart Baker, a justice of the peace of the town of Ossining, said county, as if the said proceeding were begun de novo, or from the beginning. It is further ordered that the judgment entered herein on the 23d day of November is not affected hereby."

The judgment thus referred to is one of reversal awarding $53.42 costs of the appeal. The tenant appeals to this court from the judgment of November 23d reversing the judgment and awarding costs and from the order directing that the action be tried before the said justice of the peace.

On the question of costs, section 3066 of the Code of Civil Procedure reads as follows:

"Upon an appeal provided for in this article, the award of costs is regulated as follows: (1) If the appeal is dismissed, because neither party brings it to a hearing as prescribed in this article, costs shall not be awarded to either party. (2) If the judgment is reversed for an error in fact, not affect-

¶ 1. See Appeal and Error, vol. 3, Cent. Dig. § 3881.

ing the merits; or if a new trial is directed, before the same or another justice, as prescribed in this article; the costs of the appeal are in the discretion of the appellate court."

As such costs are in the discretion of the County Court, we have no authority to review its award. Monroe v. White, 25 App. Div. 292, 49 N. Y. Supp. 517, is a decision in point, although the first, and not the second, clause of subdivision 2 was up in that case. It is evident that the judgment of reversal is modified by the order which awards a new trial, so that the final disposition of the appeal by the County Court is reversal and a new trial. As the County Court could have ordered an absolute reversal, its final action must be regarded by way of favor to the tenant. The record recites that "both parties," and therefore the tenant, consented to the modification. I think that he cannot stand as absolutely consenting to an order for a new trial in lieu of a reversal against him, and yet be heard to appeal from the judgment of reversal, which was thus modified to his advantage by favor, and upon his consent. See Bolles v. Cantor, 6 App. Div. 365, 39 N. Y. Supp. 652; Dawson v. Parsons, 74 Hun, 221, 26 N. Y. Supp. 327, and cases cited; Sun Printing & Pub. Ass'n v. Abbey Salt Co., 62 App. Div. 54, 70 N. Y. Supp. 871.

The judgment and order should be affirmed, with costs. All concur.