### G. W. JONES LUMBER CO. v. FULTON.

(Supreme Court, Appellate Division, First Department. January 10, 1908.)

APPEAL—DEFAULT JUDGMENT—CONTEMPT.

 Under Code Civ. Proc. § 1294, providing that one aggrieved may appeal, except from a default judgment, a judgment debtor, permitting a default order finding him guilty of contempt for disobeying an order in supplementary proceedings, on rule to show cause, cannot appeal, and his remedy lies in applying to the court for the opening of the default.

Appeal from Special Term.

In the matter of supplementary proceedings on a judgment in favor of the G. W. Jones Lumber Company, judgment creditor, against

William H. Fulton, judgment debtor. From an order adjudging the judgment debtor guilty of contempt of court and imposing a fine, he appeals. Dismissed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Robert L. Turk, for appellant.

CLARKE, J. The plaintiff obtained a judgment against the defendant, after personal service of the summons, for $1,262.27, which was filed and docketed. Thereafter execution was issued thereon, and, the said judgment not having been paid, an order for the examination of the defendant, judgment debtor, was made in proceedings supplementary to execution. He failed to appear for examination as required, and his default was noted. Thereafter an order was personally served upon the judgment debtor requiring him to show cause at Special Term, Part 1, why he should not be punished as for a contempt for his misconduct and offense in disobeying the order requiring him to appear for examination. Thereafter an order was made which recited the proceedings theretofore had, the return of the order to show cause, and that the defendant judgment debtor had failed to appear, either in person or by attorney, and adjudging and determining that the judgment debtor was guilty of a contempt of court in having willfully disobeyed the order in proceedings supplementary to execution, in that said judgment debtor failed to appear as required by the terms of said order for examination, and that said misconduct was calculated to and actually did impair, impede, and prejudice the rights and remedies of the plaintiff and judgment creditor, to his actual loss or injury in the sum of $1,012.27, the balance remaining due on the judgment recovered, besides the costs of the motion. For the said misconduct the order fined the judgment debtor the sum of $1,012.27, with $10 costs of the motion, and ordered his committal to the county jail, to be there detained in close custody until he should pay said sum or be discharged according to law. From said order this appeal is taken.

No question of jurisdiction is here involved. It appears affirmatively upon the face of the papers that the summons in the original action, the order to appear for examination in supplementary proceedings, and the order to show cause why the judgment debtor should not be punished for his contempt in failing to obey said order, were all personally served upon the judgment debtor. The court, therefore, had jurisdiction of the subject-matter and the person of the appellant. Section 1294 of the Code of Civil Procedure provides:

"A party aggrieved may appeal in all cases prescribed in this chapter, except where the judgment or order of which he complains was rendered or made upon his default."

"If a party permits an order or judgment to be taken against him by default when he has been notified to appear and has thus had his opportunity to object, he will be deemed to have acquiesced, and afterwards he can no more attack the same upon appeal than if he had expressly assented to the order or judgment. * * * The remedy of a party in such case is to apply to the court to have the default opened or to have the judgment or order set aside and he can thus obtain all the relief he ought to have." Flake v. Van Wagenen, 54 N. Y. 25.

That case, said Allen, J., in Innes v. Purcell, 58 N. Y. 388, "merely reaffirms a well-settled principle and is decisive of this appeal."

The appellant, not having appeared upon the return of the order to show cause, and the order adjudging him in contempt having been made upon said default, had no right to appeal therefrom.

The appeal is therefore dismissed, without costs. All concur.