is executors or administrators.  Griswold v. Sawyer, 125 N. Y. 411, 26 N. E. 464; Sulz v. Mutual Reserve Fund Life Ass'n, 145 N. Y. 563, 40 N. E. 242, 28 L. R. A. 379; Geoffroy v. Gilbert, 5 App. Div. 98, 38 N. Y. Supp. 643, affirmed 154 N. Y. 741, 49 N. E. 1097. But the testator did not use these words in that meaning.  This both of the parties seem to concede, the plaintiff necessarily so, because he does not allege in his complaint whether the son Timothy died testate or intestate, and he has not made his executor or administrator a party. The testator used these words, as it seems to me, in the same sense they are used in the statute of distributions (Decedents' Estate Law [Consol. Laws 1909, c. 13] § 98)—lineal descendants.  The testator was providing for the final distribution of a fund which he had given in trust; and, in the absence of words indicating an intent to the contrary, it must be presumed that he used those words in the same sense that they are used in the statute.  Greenwood v. Holbrook, 111 N. Y. 465, 18 N. E. 711.  And, indeed, in this connection, it is to be noted that the plaintiff himself adopts this meaning so far as Caroline and Joanna are concerned, because he makes their lineal descendants parties defendant.  They could only be made parties defendant upon the theory that Caroline and Joanna, if living, would each be entitled to one-fourth of the fund, and this one-fourth in each case has passed to the lineal descendants by representation.

[6] Third.  The plaintiff, as we have already seen, made himself a defendant in his individual capacity.  He made default in pleading, as he did upon the motion which resulted in the order appealed from. Notwithstanding that fact he appeals individually.  His appeal is ineffectual because he is not in a position to question the validity of the order.  Section 1294, Code Civ. Proc.; Matter of Jones Lumber Co. v. Fulton, 123 App. Div. 386, 107 N. Y. Supp. 942.

The order appealed from therefore should be affirmed, with $10 costs and disbursements.

INGRAHAM, P. J., and DOWLING, J., concur.  SCOTT and MILLER, JJ., dissent.

---

### DWIGHT v. GIBB et al.

(Supreme Court, Appellate Division, First Department.  June 2, 1911.)

Appeal from Special Term, New York County.

Action by Stanley Dwight, as substituted trustee, against Harrison Jeffray Gibb and others.  From an order denying a motion for a commission to take testimony on written interrogatories, defendant Stanley Dwight, individually, appeals.  Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Chester A. Jayne, for appellant.
John A. Garver, for respondent.

PER CURIAM.  Order affirmed, with $10 costs and disbursements, on the authority of Dwight v. Gibb, 129 N. Y. Supp. 961, decided herewith.

SCOTT and MILLER, JJ., dissent.