## DWIGHT v. GIBB et al.

(Supreme Court, Appellate Division, First Department. June 2, 1911.)

Appeal from Special Term, New York County.

Action by Stanley Dwight, as substituted trustee, against Harrison Jeffray Gibb and others. From an order denying a motion for a commission to take testimony on written interrogatories, Stanley Dwight, individually, appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Chester A. Jayne, for appellant.
John A. Garver, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on the authority of Dwight v. Gibb, 129 N. Y. Supp. 961, decided herewith.

SCOTT and MILLER, JJ., dissent.

---

## DANZER v. NATHAN et al.

(Supreme Court, Appellate Division, Second Department. June 2, 1911.)

1. MALICIOUS PROSECUTION (§ 64*)—PROBABLE CAUSE FOR CRIMINAL PROSE-CUTION—EVIDENCE—SUFFICIENCY.

In an action for malicious prosecution, evidence *held* to support a finding that defendant had probable cause to procure the arrest of plaintiff.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. § 152; Dec. Dig. § 64.*]

2. BAILMENT (§ 18*)—BAILEE'S LIEN—LOSS OF LIEN.

There is no common-law lien for work, done in manufacturing materials into clothing, unless the claimant has possession, actual or constructive, of the materials, and the lien is lost by the claimant voluntarily and unconditionally parting with such possession or control.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 77–84; Dec. Dig. § 18.*]

3. BAILMENT (§ 18*)—STATUTORY LIEN—LOSS OF LIEN.

Under Laws 1897, c. 418, § 70, giving a person altering or enhancing the value of personalty at the request or with the consent of the owner, a lien on the article while lawfully in possession thereof, the possession of an artisan claiming such a lien must be a lawful possession, and he has the burden of proving such possession.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 77–84; Dec. Dig. § 18.*]

4. MALICIOUS PROSECUTION (§ 59*)—EVIDENCE—ADMISSIBILITY.

Where, in an action for malicious prosecution for the arrest of plaintiff and a third person for larceny, there was evidence of collusion between plaintiff and the third person to deprive defendant of his property, and the court charged that the jury must find a collusive arrangement between plaintiff and the third person as a basis for their finding of probable cause, the admission of evidence of conduct of the third person, prior to his sale of the property to plaintiff, to show a purpose to secrete the property and defeat its return under civil process, was not erroneous.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 125–137; Dec. Dig. § 59.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes