DWIGHT v. GIBB et al.

(Supreme Court, Appellate Division, First Department.   May 17, 1912.)

Wills (§ 533*)—Taking Per Stirpes or Per Capita.

The testator left property in trust for his daughter during her lifetime, the principal to be paid on her death without children to his other children and their legal representatives in equal proportions.  On her death, there was living a son of the testator, children of a deceased daughter, and seven grandchildren of C., another deceased daughter, two of whom were children of C.'s daughter and five, children of C.'s son.  *Held*, that the grandchildren of C. took directly from the testator and not from C., and that the entire trust fund, and not merely the one-third in dispute, should be considered the fund to be distributed, and hence that Decedent Estate Law (Consol. Laws 1909, c. 13) § 98, subd. 10, providing that, where next of kin are in equal degree to the deceased, their share shall be equal had no application, but that under subdivision 11, providing that when the next of kin are of unequal degree of kindred, the estate shall be apportioned among those entitled thereto per stirpes, one-third of the fund should be distributed among the seven grandchildren in the proportions which their parents would have taken, if living.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1147;  Dec. Dig. § 533.*]

Appeal from Judgment on Report of Referee.

Action by Stanley Dwight, as substituted trustee, against Harrison J. Gibb and others.  From a judgment on the report of a referee, certain defendants appeal.  Modified and affirmed.

See, also, 145 App. Div. 915, 129 N. Y. Supp. 965, 966.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

John A. Garver, of New York City, for appellants.
Joseph Fischer, of New York City, for respondents.

---

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SCOTT, J. This is an action by the substituted trustee of the trusts created by the will of Timothy Dwight, deceased, for the settlement of his accounts and for direction as to the distribution of the trust fund. No question is raised by the appeal except as to the distribution of a share held in trust for the benefit of the testator's daughter Grace E. Schoett. The will, which was admitted to probate in 1858, divided the residuary estate into six parts, three of which were disposed of for the benefit of the testator's widow, and two sons and are not involved in the present action.

The testator left three daughters, named, respectively, Caroline, Johanna, and Grace, and the will provided that one of said shares should be held in trust for the benefit of each daughter during her lifetime. This principal of each of said shares was disposed of by the following directions to the trustees:

"Upon the decease of my said daughters, respectively, to pay over, transfer and deliver the principal of the part aforesaid holden in trust for the use of the daughter so respectively deceased, to the child or children of such deceased daughter, respectively, and, in default of such child or children, to my other children named in this will, and to their legal representatives, in equal proportions."

Caroline and Johanna died long since leaving issue, and the title to the shares held for their benefit passed to their respective descendants. Grace died in the year 1909 leaving no issue, and the question presented is as to the distribution of the share held in trust for her benefit. We have already, upon another appeal, decided that the testator used the words "legal representatives" in the above-quoted clause of his will, in the same sense that these words are used in the Statute of Distributions. Dwight v. Gibb, 145 App. Div. 223, 129 N. Y. Supp. 961. What we have now to determine, therefore, is, Who were the "legal representatives" of the daughters Johanna and Caroline within the meaning of the statute referred to when Grace died? The plaintiff, a son of the testator and brother of Grace, is clearly and concededly entitled to one-third of the share. Johanna left children who survive, and it is conceded that they take one-third of Grace's share. The daughter Caroline, however, left no children, but did leave grandchildren as follows: Two, the children of a daughter, and five, the children of a son. There is no doubt that these grandchildren are entitled to receive the remaining third of the share held in trust for the benefit of Grace, but there is a serious controversy as to the proportions in which it shall be divided between them, whether they shall take per stirpes or per capita. The learned referee was of the opinion, and the guardian ad litem for the respondents Jeffray strenuously argues, that the distribution should be made per capita, because all of the representatives of Caroline, being her grandchildren, were descendants from her in equal degree, and consequently that the distribution among them is governed by subdivision 10 of section 98 of the Statute of Distributions, which reads as follows:

"Where the descendants or next of kin of the deceased, entitled to share in his estate, are all in equal degree to the deceased, their shares shall be equal."

If the grandchildren of Caroline took from or through her, there would be much force in this contention, but the fact is otherwise. Whatever they take comes directly from the testator, and never vested in Caroline. By his will the title to Grace's share is held by the trustees, so long as she lives. The gift takes effect then and is direct to those then entitled to receive it. That is, in case of Caroline's death before Grace, one-third of the latter's share went directly from the testator to the persons answering the description of Caroline's legal representatives, but those words were used merely as words of description to designate those who were to take, not as controlling the proportions in which they should take. Furthermore, we should not be justified in treating the one-third of Grace's share which goes to Caroline's descendants as a detached bequest. What is involved is the gift over of the whole share which was put in trust for Grace's benefit, and the clause we have quoted from the will deals with the disposition of each share as a whole. That there is no question except as to the disposition of one-third of that share does not make it less imperative to consider the whole share as a fund to be distributed under the will. We therefore find that what is to be distributed goes, by virtue of a direct gift from the testator, one-third to a son, one-third to the children of a deceased daughter, and one-third to the grandchildren of a deceased daughter. Upon this state of facts we are of opinion that subdivision 11 of section 98 of the Decedent Estate Law applies. It reads as follows:

"When such descendants or next of kin are of unequal degrees of kindred, the surplus shall be apportioned among those entitled thereto according to their respective stocks; so that those who take in their own right shall receive equal shares, and those who take by representation shall receive the share to which the parent whom they represent, if living would have been entitled."

If the two children of Caroline, the parents of these grandchildren, had been alive when Grace died, it is not questioned or open to question that the one-third of that share now under consideration would have been divided between them. So it is equally clear that if one of them had been alive, and the other had died leaving children, one-half of the share would have gone to the surviving child of Caroline and the other to the children of that child of Caroline which had died. All of the grandchildren who now claim the fund will take it by representation of their respective parents.

It follows that the distribution of the fund held in trust for Grace, taking directly from the testator and being of unequal degrees of kindred to him, take according to their respective stocks or per stirpes, each group of grandchildren receiving the share to which their respective parents would have been entitled, if living. It follows that the decree appealed from must be modified in accordance with the views herein expressed, and, as modified, affirmed, with costs and disbursements to the appellants payable out of the fund. Settle order on notice. All concur.