In the Matter of the Estate of Edward H. Perkins, Jr., Deceased.

Surrogate's Court, New York County, April 12, 1926.

Wills — construction — testator gave residuary estate in trust to be divided into three equal parts, for benefit of widow, son and daughter — upon widow's death, trust created for her was to be divided into equal shares for benefit of son and daughter — principal thereof was to be held in trust for life of surviving child of testator if either son or daughter died without issue — trust unlawfully suspends power of alienation within meaning of Personal Property Law, § 11, and Real Property Law, § 42 — invalidity of trust may not be cured by termination of trust by executors — invalid trust for daughter passed on death of son as intestate property of testator and distribution should be made to daughter and to estates of son and widow.

A will which gives testator's residuary estate to his executors in trust for the benefit of his widow during her life, another part in trust for the benefit of a son, and the remaining part for the benefit of a daughter, and then directs that upon the widow's death the trust created for her benefit be again divided into two equal shares for the benefit of the son and daughter and upon the death of either, leaving no issue, the principal was to be held in further trust for the life of the surviving child of the testator, violates the provisions of section 11 of the Personal Property Law and section 42 of the Real Property Law, in that it unlawfully suspends the power of alienation for a period of three lives. Nor is the invalidity cured by the right of the executors in their discretion to terminate the trust and pay over all the corpus thereof to the life beneficiary.

The remainder of the invalid life estate for the daughter cannot be accelerated under the provisions of section 45 of the Real Property Law so as to vest the principal in the issue of testator's daughter, since that payment is contingent and the class of issue ultimately taking under the terms of the will was to be determined by said daughter's death. Consequently, since her life estate is invalid, the remainder to take effect at her death must fail with it. The principal of the trust for the daughter, therefore, passed upon the death of the testator's son as intestate property of the testator and should be paid in equal shares to the daughter and to the estates of the widow and the son.

Proceeding for judicial settlement of executors' account, involving construction of will.

*Prentice & Townsend* [*Myron T. Townsend* of counsel], for Edward Townsend, as surviving executor and trustee, etc., of Edward H. Perkins, Jr., deceased.

*George W. Jaques* [*Charles A. Sawyer* and *M. Scovell Martin* of counsel], for the executors, etc., of Norton Perkins, deceased.

*Chadbourne, Stanchfield & Levy,* for Margaret S. Pearce and for the executors, etc., of Mary N. Perkins.

*Langdon P. Marvin,* special guardian.

*Emmet, Marvin & Martin,* for James T. Pearce and another.

Foley, S. This is a proceeding for the judicial settlement of the executors' account. Objections have been filed by certain of the parties interested which require a construction of the will in order to ascertain the persons entitled to a certain part of the residuary estate. The testator died on April 12, 1902. He was survived by his wife, Mary Norton Perkins, his son, Norton Perkins, and his daughter, now Margaret S. Perkins Pearce. The widow died on April 14, 1923, and the son, Norton, died July 14, 1925, without issue. The issue of the daughter, Mrs. Pearce, are two sons and a daughter. The will gave the residuary estate to the executors in trust to be divided into three equal parts, and to hold one of such parts in trust for the benefit of the widow during her life, another part in trust for the benefit of the son, and the remaining part in trust for the benefit of the daughter. The income was directed to be paid to the respective beneficiaries for their lives.

Upon the widow's death the principal of the trust fund created for her benefit was directed to be again divided into two equal shares and the trustees were to hold and invest one of these shares for the " benefit of each of the two children." Paragraph 4 of the will sets forth the conditions under which the two original trusts for the benefit of the children were to be held, and provided for the distribution of the remainders thereof. These two trusts are exactly similar in their provisions. The material part of that paragraph which applies to the situation here directed that upon the death of the life tenant (the son or daughter) the remainder was to be paid over to the lawful issue, if any, of that child *per stirpes.* If the life tenant left no issue, the principal was to be held in further trust for the life of the surviving child of the testator and upon his or her death, the principal was directed to be paid over to the lawful issue of the surviving child of the testator.

Upon the preliminary question raised by one of the parties as to whether a construction is now necessary, I hold that by reason of the present situation it is both timely and proper that the will be construed.

All of the parties concede that the original residuary trusts for the benefit respectively of the son and daughter are valid and no question is raised before me as to the interpretation thereof. The three trusts under the terms of the will were clearly separate and divisible trusts. (*Matter of Horner,* 237 N. Y. 489.) The dispute arises as to the validity of the trust created for the life of the widow

in respect to the one-half thereof which was directed to be held upon further trust for the life of Norton Perkins, the son, and if he should die without issue, for the further life of Mrs. Pearce, the daughter. Two questions are raised:

(1) Do the provisions of the will violate our statute against perpetuities by suspending the absolute ownership of the property for more than two lives?

(2) If the trust of the one-sixth of the fund of the residuary estate is void, shall the principal be paid over to the remaindermen named in the will, viz., the issue of the daughter, or was there intestacy requiring the distribution of the fund to the heirs and next of kin of the testator?

In answer to the first question I hold that the terms of the trust violated the provisions of our statutes against perpetuities (Pers. Prop. Law, § 11; Real Prop. Law, § 42), because of the unlawful suspension of the power of alienation and the absolute ownership for the period of three lives. (*Cross* v. *U. S. Trust Co.,* 131 N. Y. 330, 337; *Ward* v. *Ward,* 105 id. 68, 75; *Matter of Colegrove,* 221 id. 455, 460; *Matter of Horner, supra,* 493.) The attempt of the testator to provide for the suspension of the distribution of the one-sixth share of the trust fund during the life of the daughter added a third life to the period of the trust, the income of which had already been paid (a) during the life of the widow, and (b) during the life of the son, Norton. The possibility of unlawful suspension, which was discoverable from the will at the time of the death of the testator, has actually resulted. None of the authorities cited by counsel for the adult children of Mrs. Pearce and by the special guardian of her infant child apply to the language of the will involved here. Their contention that the trust was intended to be created for but two lives — the life of the widow and that of the longer living child — and is, therefore, valid has no support in the language used by the testator or in the decisions cited.

Equally fallacious is their further contention that the invalidity was cured by the right of the executors, in their discretion, to terminate the trust and pay over all of the corpus to the life beneficiary. The rule applying to such contingencies, as stated by Chief Judge CULLEN in *Matter of Wilcox* (194 N. Y. 288, 295), is: " ' In determining the validity of limitations of estates, under the above statutes, (the provisions of the Revised Statutes in reference to absolute ownership and restraint of alienation) it is not sufficient that the estates attempted to be created may, by the happening of subsequent events, be terminated within the prescribed period, if such events might so happen that such estates might extend beyond such period. In other words, to render such future estates valid,

they must be so limited that in every possible contingency, they will absolutely terminate at such period, or such estates will be held void.' [*Schettler* v. *Smith*, 41 N. Y. 328, 334.] '' (See, also, *Underwood* v. *Curtis*, 127 N. Y. 523.)    The trust, therefore, cannot be prolonged beyond the death of Norton Perkins, the son.

The question then presents itself as to what persons the principal of the fund in dispute is to be paid by the decree in this pending proceeding.    It is claimed that the invalid life estate for the daughter may be eliminated and the remainder accelerated under the provisions of section 45 of the Real Property Law, so as to now vest the principal in the issue of the daughter, Mrs. Pearce.    If the remainder is a vested remainder, that plan of distribution could be adopted.    But the remainder is contingent and the class of issue ultimately taking under the terms of the will was to be determined at the death of Mrs. Pearce.    Ample evidence of the contingent nature of the remainder is found in the provisions of paragraph 4 of the will.    The will contemplated that there might be no issue living at the date of her death.    The right of her issue to take the remainder of any of the shares held in the trust was defeasible if either died before the mother.    Moreover, if any child of Mrs. Pearce died before the termination of the trust, the will directed, under the stirpital arrangement, that the surviving children of that deceased child should take their parent's share of the remainder. The membership of the class of remaindermen under the testamentary scheme of the testator could only be determined at the date of death of Mrs. Pearce.    But since her life estate is invalid, the remainder to take effect at her death must fail with it.    The remainder, therefore, cannot be accelerated under section 45 of the Real Property Law, so as to vest it in the issue of Mrs. Pearce. The disputed share consequently passed upon the son's death, as intestate property of the testator.    (*N. Y. Life Ins. & Trust Co.* v. *Winthrop*, 237 N. Y. 93, 102; *Matter of Silsby*, 229 id. 396; *Dana* v. *Murray*, 122 id. 604, 618; *Purdy* v. *Hayt*, 92 id. 446; *Matter of Wronkow*, N. Y. L. J. Dec. 19, 1925.)    The fund should, therefore, be paid in equal shares to the estate of Mary Norton Perkins, the widow, to the estate of Norton Perkins, the son, and to Mrs. Pearce, the daughter.

The decree to be entered hereon should also set forth the typographical corrections suggested by the special guardian and accepted by the accounting executor.    As to the objections that the account does not set forth the assignment to the son during his life, or his one-third share of the residuary estate, it is conceded that one-third of the property now in the hands of the executors should be paid to the son's estate.    No claim is made that the assignment

conveyed to him the disputed fund, the disposition of which is determined herein.

Submit decree on notice construing the will and settling the account accordingly.