In the Matter of the Estate of CHARLES OTTMAN, Deceased.

Surrogate's Court, New York County, May 10, 1932.

*Ehrich, Royall, Wheeler & Walter,* for the trustee.

*Herdling & Scharf* [*Philip Scharf* of counsel], for Louise K. Walenta.

*Robert W. Maloney* [*Nicholas P. Callaghan* of counsel], for Brooklyn Trust Company.

*Herbert P. Queal,* for the National Iron Bank and Edward J. Storb, as trustees.

O'BRIEN, S. In this accounting proceeding a construction of the will is sought. By his will the testator created a trust of all his residuary estate during the life of his widow. He disposed of the remainder of this trust by the fourth paragraph of his will the pertinent parts of which provide as follows:

" Upon the death of my wife, or in the event my said wife shall have predeceased me, then upon my death I direct that all my estate, both real and personal, as it shall then be invested, shall be converted into money, and I give and bequeath the same as follows: * * *

" To my sister Philipina Ottman one equal share * * *
" To George Graf, brother of my wife one equal share; * * *
" To the Trustees under this Will and the survivor of them the remaining share to be held in trust during the lifetime of Emma Graf, sister of my wife, to invest * * * to pay and apply the net income to the use of said Emma Graf, and upon her death to pay over and transfer the principal of said share to said George Graf if he be living at that time, and if he shall not then be living, then to pay over and transfer such principal to the persons who shall then be his heirs at law.

" In the event that any of the persons to whom I have given and bequeathed any of the nine shares of my said residuary estate, as aforesaid, shall predecease me, or shall predecease my wife, then I give and bequeath the share which any such person would have received had he or she survived both my wife and myself to the persons who shall be at the time of the death of the survivor of my wife and myself the heirs at law of such legatee under the laws

of the State of New York as distinguished from next of kin, *per stirpes* and not *per capita.*"

The testator died in 1916. George Graf predeceased him. Emma Graf died in 1918. The heirs at law of George Graf at Emma's death were Henry T. Graf and Louise K. Walenta, his son and daughter. Henry T. Graf died testate and without issue April 24, 1930. The testator's wife, whose life measures the duration of the primary trust, died August 12, 1931. A contest has now arisen between Louise K. Walenta who claims this entire one-ninth share, and the executor of Henry T. Graf who claims a one-half interest in this share. The question presented is when did this remainder interest vest and in whom? From the language of the will it is apparent that the testator contemplated two trust terms respecting this one-ninth share, upon the termination of both of which the remainder was to vest. The words, " to the persons who shall then be heirs at law," in the disposition of the remainder of the secondary trust mean those who upon the death of both the testator's widow and Emma Graf shall be the heirs at law of George Graf. The entire gift of the remainder of the primary trust is conditioned on the prior death of the widow. The gift of the remainder of this secondary trust is to a class determinable at some future time and is clearly contingent. It is also apparent that futurity is annexed to the substance of this gift. The members of the class living at the date of final distribution, here the termination of the trust, are the only persons entitled to receive this remainder. (*Matter of Baer*, 147 N. Y. 348; *Matter of Crane*, 164 id. 71; *Matter of Beuchner*, 226 id. 440.) I hold, therefore, that Louise K. Walenta, the sole heir at law of George Graf who survived the testator's widow, whose death terminated the trust, is now entitled to this one-ninth share of the remainder. (*N. Y. Life Ins. & Trust Co.* v. *Winthrop*, 237 N. Y. 93; *Matter of Hayes*, N. Y. L. J. May 13, 1927.) I also hold that Louise K. Walenta is entitled to the one-ninth share bequeathed outright to George Graf. Philipina Ottman, who was bequeathed an absolute one-ninth of the remainder, predeceased the widow. Her interest in the remainder must be paid, pursuant to the terms of the will, to her heirs at law who survived the widow.

Submit decree on notice construing the will and settling the account accordingly.