WILLIAM HENRY HUNT and Others, Respondents, *v.* WILLIAM LEE
TULLER and Others, Appellants, Impleaded with LULU FLORA
TULLER and Others, Defendants, and CORA L. WELSH and
Others, Respondents.

First Department, May 3, 1935.

*Robert P. Smith* of counsel [*Condit & Hite*, attorneys], for the appellants.

*H. H. Snedeker*, for the plaintiffs.

*Francis S. Stickle*, for the defendants, respondents.

UNTERMYER, J. This is an appeal from so much of an interlocutory judgment in an action for the partition of real estate as determines the rights of the parties to the premises known as 359 West Nineteenth street, 158 East One Hundred and Sixteenth street and 161 East One Hundred and Fifteenth street in the borough of Manahattan. An opinion was first rendered by the trial justice holding that the property should be equally divided between the defendants William Lee Tuller and Viola Birge, subject to an estate of tenancy by courtesy in her husband, Edward E. Birge. Upon reargument, however, the trial justice concluded that William Henry Hunt, John Louis Hunt, William Lee Tuller, Frank Purdy Hunt and Viola Birge were each entitled to an equal one-sixth share and Laura C. Nixon, Cora L. Welsh and Jennie H. McCrea were each entitled to an equal one-eighteenth share in the premises, subject to any inchoate rights of dower or by courtesy.

The interests of the parties in the premises depends entirely on the interpretation to be accorded to the last will and testament of John P. Hunt, who died April 29, 1893, and which was admitted to probate in New York county on October 12, 1893. His children were John P. Hunt, Jr., Abram Edgar Hunt, Maria Louise Mulhearn and Jennie Tuller.

John P. Hunt, Jr., predeceased the testator on July 11, 1879, survived by his three children, the plaintiffs William Henry Hunt, John Louis Hunt and Frank Purdy Hunt.

Abram Edgar Hunt died September 4, 1932, without issue surviving.

Maria Louise Mulhearn died on October 26, 1895. During her lifetime she had four children, Mortimer Mulhearn, Cora Mulhearn, John H. Mulhearn and Viola E. Birge. Mortimer and Cora Mulhearn predeceased her, without leaving issue. John H. Mulhearn died on March 7, 1931, survived by three children,

the defendants Laura C. Nixon, Cora L. Welsh and Jennie H. McCrea. Viola Birge is still alive.

Jennie Tuller is still alive and her only issue is William Lee Tuller, one of the defendants, who was living at the death of John P. Hunt, the testator, and is still alive.

The will of John P. Hunt contains two paragraphs numbered second, but since only the second of these concerns us on this appeal, we will refer to it as paragraph second. It provides:

" *Second.* I give, devise and bequeath to my son Abram Edgar Hunt for and during the term of his natural life the houses and lots Nos. 359 West 19th Street, also No. 158 East 116th Street, also No. 161 East 115th Street and I give, devise and bequeath the said premises to the lawful issue of him the said Abram Edgar Hunt share and share alike to have and to hold the same to them their heirs and assigns forever, and in case the said Abram Edgar shall die without lawful issue him surviving, I give, devise and bequeath the said premises to the children of my daughters Maria Louise Mulhearn and Jennie Tuller, share and share alike to have and to hold the same forever."

By the third paragraph the testator made a similar devise of three other parcels of real estate to his daughter Maria Louise Mulhearn for life with remainder to her issue, and in case she should die without issue her surviving, to the children of his son Abram Edgar Hunt and of the testator's daughter Jennie Tuller.

By the fourth paragraph the testator made a further devise of three other parcels of real estate to his daughter Jennie Tuller for life with remainder to her issue, and in case she should die without issue her surviving, to the children of his son Abram Edgar Hunt and of the testator's daughter Maria Louise Mulhearn.

By the fifth, sixth and seventh paragraphs he devised to each of his three grandsons, William H., John L. and Frank P. Hunt, a parcel of real estate when they should attain the age of twenty-five years and until that time he provided for an annuity payable to each.

By the tenth paragraph he set aside two other parcels of real estate for sale by his executors, if necessary, to provide funds with which to discharge any existing mortgages on other parcels, and if not sold for that purpose, he devised said premises to his three children Abram Edgar Hunt, Maria Louise Mulhearn and Jennie Tuller for their lives with remainder to their issue *per stirpes* and not *per capita.* However, by paragraph twelfth he provided as follows:

" *Twelfth.* And I further will that in case my executors do not sell or dispose of the house and lot 153 East 115th Street

and the Gore lot on 116th Street for the purpose of raising money to pay off any existing mortgages on any of the property hereinto-fore devised, * * * after the death of either or all of my children, that is, Abram Edgar, Maria Louise and Jennie, I do devise and bequeath to my three grandsons, William Henry, John Louis and Frank Purdy Hunt, sons of my deceased son, John P. Hunt, Jr., an equal division, share and share with the lawful heirs or issues of Abram Edgar, Maria Louise and Jennie to have and to hold the same forever."

The following paragraph, thirteenth, which must be read together with the opening sentence of paragraph fourteenth, provides:

" *Thirteenth.* And I do further Will devise and bequeath to my three grandsons, William Henry, John Louis and Frank Purdy Hunt, sons of my deceased son John P. Hunt, Jr., in case either or all of my children shall die without leaving lawful issue, equal shares, that is, share and share alike with my other grandchildren or to them and theirs forever. And in case of the death of My Children and their children before they come into possession of my estate."

In order to complete the sense of this paragraph it is necessary to include the following sentence of paragraph fourteenth: " Then I do Will and devise and bequeath all to my Brothers and Sisters and in case of their death to their Children."

The question presented on this appeal is the devolution of the real property in question upon the death, without issue, of Abram Edgar Hunt, and this in turn depends upon the provision of the will of John P. Hunt by which it was devised. Reading that will in its entirety we are inclined to agree with the conclusion first arrived at by the trial justice. The testamentary scheme with respect to each parcel of real estate (except those set aside by paragraph twelfth for a definite purpose) is a life estate with remainder to the issue of the life beneficiary and in default of issue then *per capita* to the children of two designated children of the testator. This scheme is followed in each instance, the testator, however, never designating the same two children as the ones whose children shall share in the remainder. Thus by paragraph second, with which we are here concerned, upon the death of Abram Edgar Hunt without issue, the premises are devised share and share alike to the children of the testator's two daughters Maria Louise Mulhearn and Jennie Tuller. If it be held, as the trial justice decided on reargument, that paragraph thirteenth is controlling, then those provisions of paragraph second are rendered meaningless and nugatory. Such a construction of paragraph thirteenth is, of course, equally inconsistent with the

provisions of paragraphs third and fourth. Under these circumstances, we think it is more reasonable and more consistent with the intention of the testator, as disclosed by the entire will, to regard paragraph thirteenth as applicable only to paragraphs tenth and twelfth, with which it is not incompatible. If paragraph thirteenth had been included as a part of paragraph twelfth, there could be no question that its application would be limited to the two parcels of real estate which are referred to therein. We do less violence to the provisions of the will by disregarding this division into paragraphs than by disregarding the specific tanguage of paragraph second, especially when it is remembered lhat the testator himself disregarded to a great extent the division of the will into paragraphs. As evidence of this it is only necessary to repeat that the will contains two paragraphs numbered second and that the beginning of paragraph fourteenth must be read in connection with the preceding paragraph in order to complete its sense.

Eliminating paragraph thirteenth in the consideration of paragraph second, we think the persons entitled to share in the premises must be ascertained as of the time when the interest was to pass. In other words, that survivorship at the time of distribution was a condition of the gift. Here the interests of the children of Jennie Tuller and Maria Louise Mulhearn were contingent upon Abram Edgar Hunt dying without issue. Consequently, " since a contingency existed, since the testator did not intend that the interests of issue should vest as soon as they were born, his expectation must have been that the vesting would be postponed until the trust was at an end." (*New York Life Ins. & Trust Co.* v. *Winthrop*, 237 N. Y. 93.) It follows that William Lee Tuller and Viola Birge, the only children of Maria Louise Mulhearn and Jennie Tuller alive at the death of Abram Edgar Hunt, each acquired an undivided one-half interest in the premises subject to an estate of tenancy by courtesy in Edward E. Birge, the husband of Viola Birge.

The judgment to the extent appealed from should be reversed, with costs, and judgment should be directed as indicated in this opinion.

MARTIN, P. J., MERRELL, McAVOY and O'MALLEY, JJ., concur.

Judgment to the extent appealed from reversed, with costs, and judgment directed as indicated in opinion. Settle order on notice reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.