Hill, P. J.
Appeal from a decree of the Greene County Surrogate’s Court by Helen and Marian Hilzinger, grandnieces of the testatrix Hattie I. Hall and daughters of Augusta M. Hilzinger a niece of the testatrix. The Surrogate has determined that Alfred T. Burnett a nephew and Augusta M. Hilzinger, the niece, are entitled to share equally all that remains of the estate. The appellants seek a construction that the estate should be divided equally between the nephew Alfred T. Burnett, the niece Augusta M. Hilzinger and the grandnieces Helen and Marian, the appellants.
The will, in the “ First ” subdivision, devises to testatrix’ husband Byron Hall the use of the family residence and contents for his lifetime, and “At my husbands [sic] death the house and contents is to be disposed of at the discretion of my then living heirs.”
*432 “ Second: I give, devise and bequeath to my husband, Byron Hall, the use of the sum of Ten Thousand Dollars ($10,000.00) during his lifetime, and at his death to be equally divided my [sic] heirs then living as named hereinafter.
‘ ‘ Third: I give, devise and bequeath to my brothers, William A. Tripp, Isaac H. Tripp and my sister Carrie C. Burnett, and my Nieces, Augusta M. Hilsinger, and Helen T. Davis, and my nephew Alfred T. Burnett, the sum of One Thousand Dollars ($1,000.00) each.
“ Fourth: I give, devise and bequeath to my niece Helen Hilsinger, my diamond bar pin.
“ Fifth: I give, devise and bequeath to my niece Marian Hilsinger all my finger rings and other jewelry.
“ Sixth: I give, devise and bequeath to the M. E. Church of Oak Hill, N. T. and to Oak Hill Cemetery, the sum of One Hundred Dollars ($100.00) each, from my residuary estate.
“ Should my residuary estate exceed my special bequests of cash then the remainder of the residue shall be divided equally between my above named relatives then living.”
The testatrix died June 5, 1940, and her will was probated the following month. The husband Byron Hall died August 22, 1945. Isaac U. Tripp a brother and legatee named in the “ Third ” paragraph of the will died after the testatrix. His specific legacy of $1,000 “ was paid to. Ms estate ”. Another brother William A. Tripp and a sister Carrie C. Burnett and the niece Helen T, Davis “ predeceased the testatrix ”. The $1,000 bequeathed to Carrie C. Burnett was paid to her son Alfred T. Burnett, executor named in the will. Apparently the. brother William A. Tripp left no descendents and the legacy lapsed. (Decedent Estate Law", § 29.)
The Surrogate has determined that Augusta M. Hilzinger and Alfred T. Burnett the only heirs of testatrix living at the time of the husband’s death received the house of which he had a life use, described in the “ First ” subdivision of the will, and his trust fund created under the “ Second ” subdivision. These items were not distributable until the husband’s death when the nephew and Mece favored by the decision were the living heirs ”. The distribution of the balance of the estate was not delayed by the terms of the will, and the construction of the direction that it be “ divided equally between- my above named relatives then living ” is presented.
The question whether distribution is to be per stirpes or per capita between the issue of a testator was controlled by the common law until 1921 when section 47-a of the Decedent *433 Estate Law was enacted by the Legislature. (N. Y. Life Ins. & Trust Co. v. Winthrop, 237 N. Y. 93, 105.) Thereafter if the “ issue ” were of unequal degree the per stirpes rule applied, but the same rule did not apply to gifts to “ heirs ” or “ next of kin ”, (N. Y. Life Ins. & Trust Co. v. Winthrop, supra.) In 1938 following the decision in Matter of Waring (278 1ST. Y. 6), section 47-c of the Decedent Estate Law was enacted, and thereunder, when the terms “ heirs “ heirs at law ”, “ next of kin ” and “ distributees ” or any other terms of like import' are used in connection with the passing of property rights under a will, they are deemed to mean the distributees defined in section 83 of the Decedent Estate Law. Under subdivision 6 thereof, if brothers or sisters are living, the distribution is “ per stirpes to the brothers and sisters living, and the descendants in whatever degree of those dead; so that to each living brother or sister shall descend or be distributed such share as would have descended or been distributed to him or her if all the brothers and sisters of the intestate who shall have died leaving issue had been living, and so that there shall be distributed to such descendants in whatever degree, collectively, the share which their parent would have received if living; and the same rule shall prevail as to all direct lineal descendants of every brother and sister of the intestate whenever such descendants are of unequal degrees.” A will speaks as of the time of the testator’s death. The brother Isaac U. Tripp survived this testatrix. Section 47-c of the Decedent Estate Law provides that when “ the terms ‘ heirs,’ ‘ heirs at law,’ ‘ next of kin ’ and ‘ distributees ’ and any terms of like import ” are used in making a testamentary grant, they shall be construed to mean distributees as defined in section 83 of the Decedent Estate Law. The devise of the residuary in the “Sixth ” subdivision of the will was to “ relatives ”. “ It is well settled that the word [relations] when used in wills relating to personalty only embraces persons within the Statute of Distribution.” (Gallagher v. Crooks, 132 N. Y. 338, 343; Meldon v. Devlin, 31 App. Div. 146, 157-158.) “ Relatives ” seems to be a term of like import with heirs, heirs at law, next of kin or distributees and to be governed by sections 47-c and 83 of the Decedent Estate Law.
The residuary estate disposed of in the second paragraph of the “ Sixth ” subdivision, passed at testatrix’ death as there was no intervening life estate, and the shares thereunder, were payable at the same time that specific legacies were payable, including those to the church and the cemetery association *434 contained in the “ Sixth ” subdivision and which the testatrix directed to be paid “ from my residuary estate ”. As to these the will speaks as of the time of the testatrix’ death. (Simpson v. Simpson, 197 N. Y. 586, affg. sub nom. Simpson v. Trust Co. of America, 129 App. Div. 200; Matter of Goldberg, 275 N. Y. 186.)
The specific legacy of $1,000 to Isaac U. Tripp was paid. This was proper because it did not lapse. (Decedent Estate Law, § 29.) He was a “ relative ” living at the time of the testatrix’ death and entitled to his share under the “ Sixth ” subdivision of the will. The fact that he died prior to the undirected delay in distribution of the residuary is without significance, and Ms estate is now entitled to participate.
Assuming that the brother Isaac died before the husband, we approve of the determination of the Surrogate as to the proceeds of the house and the $10,000 trust fund, as the distribution of these amounts was directed to be made to heirs living at the time of the husband’s death.
Upon an appeal from a Surrogate’s Court some of its powers are transferred to us, and we are empowered to receive additional testimony or we may grant a new trial or hearing. (Surrogate’s Ct. Act, § 309.) The latter course seems preferable in this matter. Upon the determination as to the distribution of the residuary provided for in the “ Sixth ” subdivision of the will, the estate or legal representatives of Isaac U. Tripp should be before the court. The matter should be remitted to the Surrogate’s Court for a new trial or hearing.
' Heffernan, Brewster, Foster and Bussell, JJ., concur.
Decree reversed on the law and facts and matter remitted to the Surrogate for hearing and determination after the estate of Isaac U. Tripp, deceased, is made a party. Disbursements to all parties filing briefs. Awarding of costs to be delayed until determination following the new hearing.