S. Samuel Di Falco, S.
This is a proceeding for an accounting* and for a construction of the third article of testatrix’ will,
*1056 Testatrix died June 21, 1898 leaving a last will which was admitted to probate October 24, 1898. By the third article of her will, she directed the establishment of a trust, the income of which was to be paid to her niece for life. Testatrix directed that if her niece died without issue the remainder should be disposed of in the following manner: “ then upon her death I direct the said trustee to pay over and convey the said share to my said nephew Bene Amedee de Bussy if he be then living, or to his heirs and next of kin if he be then dead.” The trust terminated on the death of the niece March 31, 1955. No issue was born to the niece. The nephew, Bene Amedee de Bussy, brother of the niece, had died January 6, 1921. At that time his sole heir and next of kin was his sister. However, at the time of the termination of the trust, the nephew’s surviving heirs and next of kin were six members of the de Bussy family, cousins, grandchildren of an uncle. The question is, what is the point of time for ascertaining the class of ‘ ‘ his heirs and next of kin ” — his death, or the termination of the trust?
The will directs that the remainder be distributed to the niece’s issue either equally or as she should apportion by her will. Such a distribution could only be accomplished on her death. Clearly then their interests were contingent until her death. The substitutional gift to the nephew’s heirs and next of kin in default of her issue is an additional indication of the condition and is itself subject to the same condition. The court therefore finds that the remainder vested in the heirs and next of kin of the nephew on the termination of the trust (New York Life Ins. & Trust Co. v. Winthrop, 237 N. Y. 93).
Submit decree accordingly.